UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GARVESTER BRACKEN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:18-CV-828 JAR |
| ) | |
| JEFFERY NORMAN, ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1] Because petitioner is "in custody pursuant to the judgment of a State court," he may obtain habeas relief only pursuant to 28 U.S.C. § 2254. *See Crouch v. Norris*, 251 F.3d 720, 722-23 (8th Cir. 2001) (holding that even if state prisoner is challenging the manner in which his sentence is being executed, his claim for habeas relief is under § 2254, not § 2241); *see also Wayne v. Mo. Bd. of Prob. and Parole*, 83 F.3d 994, 995 (8th Cir. 1996) (analyzing challenge to parole decision under § 2254). The Court will construe plaintiff's petition, therefore, as a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *E.g.*, *United States v. Farley*, 971 F. Supp. 184, 185 (E.D. Pa. 1997) (habeas petitioners may not circumvent AEDPA's requirements through creative titling of their petitions).

Petitioner's petition appears to be barred by § 2254's one-year limitations period, and the Court will order petitioner to show cause why the petition should not be dismissed.

---

[1] Petitioner's petition was drafted and filed using the caption for the United States Court of Appeals for the Eighth Circuit. The Clerk of Court for the Eighth Circuit construed the petition as a possible new petition for writ of habeas corpus, and mailed it to this Court for filing. *See* ECF No. 1-2.

In 2009, following a trial in the Circuit Court of the City of St. Louis, petitioner was convicted on one count of forcible rape and one count of attempted deviate sexual assault, but the jury could not reach a decision on the remaining fourteen counts. *See State v. Bracken*, No. 0822-CR06710-01 (St. Louis City). The matter was retried in 2011. In this second trial, the jury convicted petitioner of attempted deviate sexual assault, forcible rape, and two counts of second-degree domestic assault. On June 16, 2011, the Circuit Court for the City of St. Louis sentenced petitioner to twenty-three years' imprisonment. *Id.* The conviction was affirmed on direct appeal on September 11, 2012. *See State v. Bracken*, 382 S.W.3d 206 (Mo. Ct. App. 2012). Petitioner filed a motion to transfer to the Missouri Supreme Court, which was denied on November 20, 2012.

On October 14, 2011, petitioner filed a pro se Rule 29.15 motion for post-conviction relief. *See Bracken v. State*, No. 1122-CC10123 (St. Louis City). The motion was denied by the trial court on January 2014. On February 3, 2015, the Missouri Court of Appeals affirmed the trial court's ruling on appeal. *See Bracken v. State*, 453 S.W.3d 866 (Mo. Ct. App. 2015).

Under 28 U.S.C. § 2244(d):

(1) A 1 year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

. . .

(2) The time during which a properly filed application for State post conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

2

The instant petition has been filed more than five years after petitioner's state court judgment of conviction became final. As a result, the Court will order petitioner to show cause why the petition should not be dismissed as time barred. *See Day v. McDonough*, 547 U.S. 198, 209 (2006) (district court must give notice to petitioner before sua sponte dismissing petition as time barred).

Accordingly,

**IT IS HEREBY ORDERED** that petitioner shall show cause, in writing and no later than twenty-one (21) days from the date of this Order, why this action should not be dismissed as time barred.

**IT IS FURTHER ORDERED** that if petitioner fails to comply with this Order, the Court may dismiss this action without further proceedings.

Dated this 4th day of June, 2018.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE